**Evelyn S. SUTTON, Appellant,**

v.

**William C. SUTTON et al., Appellees.**

**No. 2628.**

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 5, 1960.

Decided Oct. 21, 1960.

Arthus L. Willcher, Washington, D. C., for appellant. Morton Willcher, Washington, D. C., also entered an appearance for appellant.

John B. Casey, Washington, D. C., for appellees.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

The question to be decided is whether the trial court had the right to dismiss a divorce

action for failure of plaintiff to obey an order for payment of counsel fees.

Plaintiff sued her husband for divorce on the ground of adultery with a named co-respondent. Though served with process, defendants did not appear or answer the complaint, and the court appointed an attorney to defend the case. Code 1951, § 16–418. The attorney tried unsuccessfully to reach the defendants and then filed an affidavit in lieu of answer, and also appeared at the trial. The judge ruled that the charge of adultery had been proven, and, with no objection by her counsel, ordered plaintiff to pay a fee of $75 to appointed counsel.

Three months after trial, and no formal findings having been signed, the judge notified plaintiff's attorney by letter that unless the fee was paid within a week, or appointed counsel waived the fee, or plaintiff filed an "affidavit of impecuniosity," the action would be dismissed. The fee was not waived and plaintiff did not pay the fee or file an affidavit, and the judge dismissed the case.

■ In the Code section cited above, authorizing the Domestic Relations court to assign counsel in uncontested cases, it is provided that such counsel "shall receive such compensation for his services as the court may determine to be proper, such compensation to be paid by the parties as the court may direct." This section clearly authorized the court to require the fee to be paid by the wife, even though she was the aggrieved party and prevailed in the action. The wife has not questioned the right of the court to make the award. The claim is that the court had no power to dismiss the action for non-payment of the fee.

■ There is no rule of the Domestic Relations Branch specifically covering this situation. But among the general rules of the Municipal Court, which govern the Branch, there is a rule 41(b), which authorizes dismissal of an action when a plaintiff fails to comply with an order of court.

Here there was not only a failure, but a refusal to comply with the order for counsel fees. There was no claim that plaintiff was unable to pay the fee; she has simply declined to do so. The court did not deal unfairly with her in requiring her to comply with its order or suffer a dismissal of her case.

■ We understand that the usual practice in the Domestic Relations court is to withhold entry of judgment until such orders are obeyed. And that practice will ordinarily be effective. But when the court is faced with a long and continuing disobedience of its order there is no bar, statutory or otherwise, to imposing the ultimate sanction of dismissal.

Appellant had cited cases in which parties were cited in contempt for disobedience of court orders. Such cases have no applicability here.

Affirmed.