Leslie CANADA, Plaintiff-Appellant,

v.

Elvie MATHEWS et al., Defendants-Appellees.

No. 71-1711

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 22, 1971.

Arthur Roth, Miami, Fla., S. Eldridge Sampliner, Cleveland, Ohio, for plaintiff-appellant.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Leslie Canada appeals from an order of the District Court dismissing with prejudice his Jones Act suit against Elvie and Buford Mathews, Glen Trimper and M. J. Seals. We vacate that order and remand for a dismissal without prejudice of the action against Mathews,

---

* [1] Rule 18. 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.

Mathews and Trimper and for such further proceedings as may be appropriate in connection with the defendant Seals.

Since none of the defendants were residents of the district in which the suit was filed, Canada's attorney attempted to obtain service of process under the Florida "Long Arm" statutes [1] by filing the requisite papers with the Florida Secretary of State and by mailing copies of the complaint, notice and summons to the defendants' last-known address. Seals accepted service at his residence in Port Isabel, Texas but filed no pleadings and did not appear.[2] None of the other defendants could be located, and the notice sent to them was returned in the mail undelivered.

Counsel for Canada delayed filing an affidavit of compliance with the statute while continuing to look for the unserved defendants, and on February 26, 1971 the District Court entered an order stating that the action would be dismissed "unless plaintiff has obtained sufficient service of process upon the defendants by March 17, 1971." Canada's attorney responded on March 11 by filing with the Court an affidavit indicating that Seals had been served. On March 17 the Court dismissed the suit [3] as to *all* defendants on the grounds that "plaintiff has not complied with the February 26th order."

■ With respect to defendant Seals, all we need hold is that the plaintiff apparently did comply with the Court's order to obtain "sufficient service" and that dismissal as to him was therefore erroneous. Even if a lack of due diligence is attributable to Canada's counsel for having failed to serve the remaining defendants—and the circumstances do not suggest such fault—that failure cannot infect otherwise satisfactory compliance with the order to serve Seals. If a plaintiff succeeds in serving some defendants but fails to serve others, the appropriate course is for the Court to dismiss only those defendants who have not been served.[4]

---

1. The relevant provisions of the statute are as follows:

"When authorized by law, substituted service of process on a nonresident or a person who conceals his whereabouts by serving a public officer designated by law shall be made by leaving a copy of the process with a fee of $2.00 with the public officer or in his office. The service is sufficient service on a defendant who has appointed the public officer as his agent for the service of process. Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his attorney of compliance herewith, filed on or before the return day of the process or within such time as the court allows, or the notice and copy shall be served on the defendant, if found within the state, by an officer authorized to serve legal process, or, if found without the state, by a sheriff or deputy sheriff of any county of this state or by any duly constituted public officer qualified to serve like process in the state or jurisdiction where the defendant is found. The officer's return showing service to have been made shall be filed on or before the return day of the process or within such time as the court may allow."

Florida Statutes § 48.161(1), F.S.A. Plaintiff alleged in his complaint as grounds for substituted service that the defendants were non-residents engaged in business in Florida (§ 48.181) and that they operated a watercraft within the State (§ 48.19).

2. Neither Seals nor any of the other defendants has filed a brief or otherwise appeared in this appeal.

3. Although by its terms the order simply dismissed the suit, Rule 41(b), F.R.Civ.P. provides that "unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." See Weissinger v. United States, 5 Cir., 1970, 423 F.2d 795 (en banc).

4. Cf. Benbow v. Wolf, 9 Cir., 1954, 217 F.2d 203, 205: "Since there can be no harm in amending the complaint by striking out allegations as to a defendant over

As for the unserved defendants, we have consistently held that a dismissal with prejudice is warranted only in extreme circumstances and only after the Trial Court, in the exercise of its unquestionable authority to control its own docket,[5] has resorted to "the wide range of lesser sanctions which it may impose upon the litigant or the derelict attorney, or both."[6] The record here reveals only that the plaintiff's attorney, after seeking in the manner prescribed by Florida law to obtain service against all defendants, was able to locate only one. We cannot conclude that simple inability to find the opposition constituted such a flagrant disobedience of the Court's order as to justify the entry of what was in effect a final judgment on the merits.

Vacated and remanded.

whom the Court has no jurisdiction, the case may proceed to another trial as if originally filed against the [remaining defendant] alone." See also Thomas v. Furness (Pacific) Limited, 9 Cir., 1948, 171 F.2d 434, cert. denied, 1949, 337 U.S. 960, 69 S.Ct. 1522, 93 L.Ed. 1759; Huffmaster v. United States, N.D.Cal., 1960, 186 F.Supp. 120.

5. Link v. Wabash Railroad Co., 1962, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734.

6. Flaksa v. Little River Marine Construction Co., 5 Cir., 1968, 389 F.2d 885, 888, cert. denied, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387; Transit Casualty Co. v. Security Trust Co., 5 Cir., 1968, 396 F.2d 803, cert. denied, 1969, 393 U.S. 1024, 89 S.Ct. 635, 21 L.Ed.2d 568; Bon Air Hotel, Inc. v. Time, Inc., 5 Cir., 1967, 376 F.2d 118; Durham v. Florida East Coast Railway Co., 5 Cir., 1967, 385 F.2d 366.