**MILTON PROPERTIES, INC., Appellant,**

v.

**Geraldine NEWBY, Appellee.**

**No. 82–51.**

District of Columbia Court of Appeals.

Submitted Oct. 12, 1982.

Decided Jan. 27, 1983.

As Amended Feb. 17, 1983.

---

Manuel Auerbach, Silver Spring, Md., for appellant.

Daniel R. White, Washington, D.C., with whom William A. Bradford, Washington, D.C., was on brief, for appellee.

Before MACK, BELSON and TERRY, Associate Judges.

BELSON, Associate Judge:

Milton Properties, Inc., appeals the dismissal for want of prosecution of its landlord and tenant possessory action against Geraldine Newby, the judgment on the merits rendered against it on appellee-tenant's counterclaim, and the partial summary judgment awarded tenant on the issue of the maximum lawful rent. These actions resulted from appellant-landlord's counsel's failure to appear in court for jury trial on the complaint and the counterclaim on November 24, 1981. We hold that although the trial judge did not abuse his discretion initially in dismissing the possessory action, he erred in that he failed to exercise his discretion in declining to vacate that dismissal upon landlord's motion. We further hold that it was error to grant tenant's motion for partial summary judgment without reaching the merits of the motion, and that it was also error for the court to proceed to enter judgment in favor of tenant on the remaining issues raised by her counterclaim without requiring her to establish both liability and damages.

I

On October 21, 1980, appellant, Milton Properties, Inc., initiated this action by filing a complaint for possession of residential real property on the basis of nonpayment of rent in the Landlord & Tenant Branch of the Civil Division of the Superior Court. Pursuant to praecipe, appellee Geraldine Newby commenced paying $155 per month into the court registry. Later that amount was reduced to $135 per month by court order. On February 9, 1981, tenant filed a verified answer and counterclaim and demanded trial by jury. Tenant denied that she was delinquent in her rent, and counterclaimed for a total of $4,348.76 in money damages. Of this amount, tenant alleged that $4,245 was for rental payments in excess of the amount actually due for her occupancy of the premises in view of the landlord's breach of warranty of habitability and violations of applicable housing regulations. The balance of damages of $103.68 was for reimbursement of appellee's expenditures in repairing various claimed defects in the premises. Tenant also sought injunctive relief against alleged ongoing violations of the housing regulations.

On October 20, 1981, the Landlord & Tenant judge denied landlord's motion for release of the funds in the registry, but ordered the action set for expedited trial. Prior to trial, on November 6, 1981, tenant filed a motion for partial summary judgment alleging that the maximum lawful monthly rent for the premises was $125, or $30 less than the amount she had been paying. Although slightly more than ten days had elapsed from the time the motion was served upon landlord until the day of trial, landlord had not filed an opposition to the motion.

The case was set for trial on November 24, 1981, at 9:30 a.m. At about 10:30 a.m., according to tenant's counsel's later representation, the case was called in the Civil Assignment Office to be certified to a trial judge. The case could not be certified for trial because landlord's counsel had not yet arrived. Shortly thereafter, tenant's counsel took the file before the Civil Calendar Control Court, where he asked the judge for "a default judgment" on the basis of landlord's failure to appear that morning. He then modified the request to seek dismissal of landlord's action for possession, default on tenant's counterclaim, and release to tenant of all the money in the registry of the court. As tenant was making his request, landlord's principal, Mr. Milton Weinberg, who himself was a member of the Bar and one of landlord's counsel of record, personally telephoned the Civil Calendar Control courtroom, explaining to the courtroom clerk, and through him to the judge, that he was ill and that other counsel of record, Manuel Auerbach, Esq., was on his way to the court.

The court passed the proceedings for approximately 15 minutes. At that time, tenant's counsel renewed his motion. Landlord's counsel had not yet appeared at court. The court stated that the relief appellee

requested was granted. The court then inquired into the counterclaim, and was informed that the total amount sought was $4,348.76. The court noted that no opposition had been filed to tenant's motion for summary judgment as to the rent ceiling, and immediately granted that motion. The judge then signed an order which dismissed landlord's complaint for possession; provided for the immediate release of all the monies in the court registry to tenant; ordered that the premises in question "be restored to, and henceforth maintained in, decent, safe, and habitable condition;" declared that the maximum rent on the premises was $125 per month, and granted tenant judgment in the amount prayed for, $4,348.76.

The Calendar Control Judge indicated that he was entering judgment on the merits. Tenant's counsel presented no testimony or other evidence on the issue of whether tenant was entitled to legal or equitable relief on the counterclaim, nor did tenant's counsel ask the judge to regard the verified pleadings as proof of such entitlement.

Later that day, landlord's counsel appeared before the Calendar Control Judge, *ex parte,* and explained that his absence until after the lunch break was caused by his involvement in unrelated proceedings in Rockville, Maryland.[1] Counsel noted that landlord's principal, Mr. Weinberg, was also an attorney of record, and asserted that Mr. Weinberg's earlier telephone call notifying the court that he was ill and that his counsel was delayed effectively constituted a request for continuance. Landlord's counsel also stated that he had been ready for trial several times before in this case, only to have no judge available.

The Calendar Control Judge noted that both counsel and Mr. Weinberg had known on the preceding day of Mr. Weinberg's illness and counsel's engagement in Rockville, but had failed at that time either to notify opposing counsel or to seek a continuance. The judge granted no relief, and

suggested that a motion be filed to be heard before another judge "because I will not grant relief to lawyers who don't show up in court."

Within 10 days, on December 2, 1981, landlord filed a motion to vacate judgment, repeating the assertions it had made before the Calendar Control Judge. Landlord's motion came before the presiding judge in the Landlord & Tenant Branch, not the judge who had entered judgment. The presiding judge declined to hear landlord's motion since he viewed it as essentially a motion for reconsideration. At his suggestion, the caption of the motion was changed, and it was brought as a motion for reconsideration before the judge who originally had ruled. The motion to reconsider was denied shortly thereafter without a hearing. This appeal followed.

## II

We first address the question of whether the Civil Calendar Control Judge abused his discretion either in dismissing the complaint for possession for failure to prosecute and in proceeding summarily to *ex parte* disposition of the motion for partial summary judgment and the counterclaim, or in failing to grant the motion for reconsideration of that relief.

Super.Ct.Civ.R. 39–I(b) provides that:

When an action is called for trial and the party seeking affirmative relief fails to respond, an adversary may have the claim dismissed, with or without prejudice as the court may decide, or the court may, in a proper case, conduct a trial or other proceeding.

Applicable to the court's treatment of the counterclaim is Rule 39–I(c), which provides:

When an action is called for trial, and a party against whom affirmative relief is sought fails to respond, in person or through counsel, an adversary may where appropriate proceed directly to trial.

---

1. It is not clear from the record whether counsel was seeking relief from the order entered

that morning, or was merely explaining the reason for his nonappearance.

When an adversary is entitled to a finding in his favor on the merits, without trial, he may proceed directly to proof of damages.

 The law favors a hearing on the merits, and generally where a court exercises its discretion in such a manner as to preclude a trial on the merits, even a slight abuse of discretion will lead to reversal. *See, e.g., Jones v. Hunt,* D.C.App., 298 A.2d 220 (1972). However, special considerations exist when a party fails to appear on the day of trial. The thrust of Rule 39–I is that parties and their counsel are strictly obliged to appear in timely fashion on the day of trial. A weighty and convincing justification is required to excuse failure to do so.

 We conclude that, in the light of the circumstances before him on the morning the case was set for trial, the Civil Calendar Control Judge acted within his discretion in dismissing landlord's action for possession and in determining to proceed to *ex parte* disposition of the merits of tenant's counterclaim as well as tenant's motion for partial summary judgment thereon. We further conclude that the Calendar Control Judge, in the exercise of his discretion, also could have ruled unfavorably on landlord's motion for reconsideration since, upon due consideration, the court could have determined that the tendered excuses were not so compelling as to warrant granting landlord's motion for reconsideration.

The record indicates, however, that due consideration was not given landlord's argument. On the afternoon of the day trial was scheduled, upon hearing counsel's brief *ex parte* explanation concerning his lateness, the Calendar Control Judge stated that he would not grant any relief to a lawyer who had failed to show up in court.[2]

 Subsequently, landlord's December 2, 1981 motion for reconsideration which made the same arguments landlord's counsel had made on November 24, 1981, was denied by the same judge without a hearing. Under these circumstances, we conclude that the Civil Calendar Control Judge failed to exercise discretion in denying landlord's motion for relief from the judgment entered against it. *See Johnson v. United States,* D.C.App., 398 A.2d 354, 361–67 (1979); *cf. Dunn v. Profitt,* D.C.App., 408 A.2d 991, 993 (1979); *Garces v. Bradley,* D.C.App., 299 A.2d 142, 145 (1973); *Jones v. Hunt, supra.* We therefore reverse the trial court's denial of landlord's motion for reconsideration.

### III

Additional reasons require remand of the counterclaim for trial on the merits. The Calendar Control Judge granted partial summary judgment on the counterclaim on the ground that landlord had failed to oppose tenant's motion seeking summary relief with respect to the rent ceiling. The action in the trial court retained its character as a landlord and tenant action even though it had been assigned to the Civil Assignment Office for trial on the civil jury calendar. Super.Ct. L & T R. 1.

 Under the Landlord & Tenant rules, as distinct from those rules which apply to general civil (C.A.) actions, a motion is not deemed conceded if no opposition is filed within ten days. With respect to motions for summary judgment in the Landlord & Tenant Branch, Super.Ct.Civ.R. 12–I(k) applies, requiring that a party who wishes to dispute facts asserted by the movant is obliged to make a timely filing of a statement of material facts as to which there is genuine issue, along with affidavits or other appropriate accompanying papers. Failure to file such opposing papers is not,

---

2. The judge stated:
 Well counsel represented on the record that this was a—that what happened here was a pattern of delay in this case. Since I'm not familiar with this case, I don't otherwise know, I just suggest you file an appropriate motion and I will have it heard before another judge because I will not grant relief to lawyers who don't show up in court. So you perhaps can talk some other judge into giving you relief. I won't give you any relief.

however, by itself a concession of the merits of such a motion in an L & T action.

 Indeed, the trial court is not free to treat as conceded an unopposed motion for summary judgment in either L & T actions or in civil actions generally in view of the requirement of Rule 56(c) that the judgment sought shall be rendered forthwith: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Even if an unopposed motion for summary judgment is deemed to establish that no genuine issue of material fact exists, the court must still review the pleadings and other papers to determine whether the moving party is legally entitled to judgment. *See Nader v. de Toledano*, D.C.App., 408 A.2d 31, 48 (1979); *Turner v. American Motors General Corp.*, D.C.App., 392 A.2d 1005, 1006 (1978). It is clear from the record that the Calendar Control Judge did not address the merits of appellee's motion for summary judgment, but simply deemed it conceded. This was error.

## IV

 As already noted, it was appropriate, under Rule 39–I(c), for the Civil Calendar Control Judge to proceed to try the counterclaim summarily upon landlord's failure to appear. Our decision in *D.C. Transit System, Inc. v. Young*, D.C.App., 293 A.2d 488, 490 (1972), holds, however, that where a party has previously appeared in the case, as landlord had here, it is incumbent upon the party seeking relief to establish both liability and damages. Here, tenant made no effort to establish landlord's liability, nor did tenant adduce ade-

quate proof to allow the trial court to assess the amount of unliquidated damages. *Cf. Firestone v. Harris*, D.C.App., 414 A.2d 526, 528 (1980); *D.C. Transit System, Inc. v. Young, supra* at 489–90. The bulk of damages claimed in the instant case related to violations of the housing code and of the warranty of habitability, and were not liquidated in nature.[3] Tenant, however, suggests that the verified complaint and counterclaim constitute adequate proof of liability and damages. This argument fails for two reasons. First, tenant did not call the trial judge's attention to the contents of the verified pleadings in an effort to prove liability or damages and, second, the contents of the verified pleadings are so conclusory in nature that they would not have sufficed as such proof.

 Similarly, tenant failed to show, other than by conclusory allegations, the merits of her claim for injunctive relief against landlord. *See generally D.C. Transit System v. Young, supra.* The granting of such equitable relief is committed to the discretion of the trial court. *See, e.g., Wieck v. Sterenbuch*, D.C.App., 350 A.2d 384, 389 (1976) (Mack, J., dissenting). We find that the trial court did not exercise such discretion here. For the foregoing reasons, a remand for trial on the merits of both the complaint and the counterclaim is required.

*Reversed and remanded for proceedings consistent with the foregoing opinion.*

---

**3.** Liquidated damages are those "capable of ascertainment by computation." *District of*

*Columbia v. World Fire & Marine Ins. Co.*, D.C.App., 68 A.2d 222, 225 (1949).