John C. LaPRADE, Appellant,

v.

Gregory LEHMAN, et al., Appellees.

No. 83–1249.

District of Columbia Court of Appeals.
Argued Feb. 12, 1985.
Decided April 22, 1985.

John C. LaPrade, pro se, was on brief.

Richard D. Carter, for appellees.

Before NEBEKER, MACK and TERRY, Associate Judges.

MACK, Associate Judge:

In this landlord-tenant action for possession of certain real estate for nonpayment of rent, and for a money judgment based on rent in arrears, the landlord appeals an order of the trial court granting the tenants' motion for dismissal, and disbursing to the tenants the funds which they had paid into the court registry pursuant to a protective order. We remand the case for further consideration.

## I

This is an action for possession of two apartments at 207 3rd Street, S.E., and for arrearages in the amount of $3460 (apartment 1) and $3480 (apartment 2).[1] In their answer to the complaint, the tenants alleged that the premises were in violation of the Housing Code, and counterclaimed for rent overpayments for the period of time that the premises were not in compliance with the Code. In addition, they claimed a set-off for renovations, repair work, and management of the premises. A protective order was entered on August 29, 1983, directing the tenants to pay into the court registry each month the sum of $346 (apartment 1) and $380 (apartment 2). Following one continuance requested by the tenants and agreed to by the landlord, the trial date was set for October 28, 1983.

On the date set for trial, the four tenant-defendants, along with several expert witnesses,[2] appeared as required at 9:30 a.m. in the Civil Assignment Office. The landlord, an attorney, was not present at 9:30. At approximately 10:30 the Assistant Assignment Commissioner, Mr. Stanley, called the landlord's office, and informed him that the tenants intended to move to dismiss the case for want of prosecution. Another Assignment clerk then informed the tenants that they could dismiss their expert witnesses, and the tenants did so. Shortly thereafter, the landlord arrived. The landlord, who had been proceeding *pro se* until the date of trial, filed a praecipe on his arrival entering Fortunato Mendes as counsel. The case was never called for trial, and the record does not show why the case was never certified by the Assignment Office to a trial judge. The landlord maintains that no trial judge was available on the morning in question, and the tenants have not contradicted that statement. The record is silent on this question, however.

At 12:00 noon the tenants took the file before the civil calendar control court, where they asked the control judge to dismiss the case on the basis of the landlord's earlier failure to appear. The landlord asked for a continuance based on the fact that his new counsel was in trial in another court. The following colloquy then took place between the court and Mr. LaPrade:

THE COURT: Now the request for a continuance is denied. Now what do you want to do?

MR. LAPRADE: I ask you to return them to the Assignment Office then.

THE COURT: And are you ready for trial?

MR. LAPRADE: I will go forward myself if I have to.

The trial court then granted the motion to dismiss. The colloquy continued as follows:

MR. LAPRADE: Your Honor, I ask you to reconsider and return [the case] to the

---

1. The landlord initially filed two separate actions, which were consolidated for all purposes by praecipe on September 19, 1983. The action against Susan Barreca and Greg Lehman, residents of apartment No. 2 (L & T 27452–83), was commenced on April 30, 1983. The action against Sandy M. Garbrecht and Harold C. Venable, residents of apartment No. 1 (L & T 41267–83), was commenced on July 6, 1983.

2. The tenants contend that they appeared on that date with three expert witnesses, and they represented to Judge Wolf that on the advice of one of the Assignment Office clerks they dismissed these witnesses once the landlord had failed to appear at the appointed time. The landlord states that the witnesses appeared, but then were put on telephone notice and given permission to leave because there were no trial judges available, and no judges were expected to become available that morning.

Assignment Office for trial. There were no judges available at that time.

THE COURT: The reason I am doing it, sir, is because—because of your complete nonappearance, they have excused all their witnesses and have been prejudiced as a result.

After dismissing the action with prejudice, the calendar control judge directed that all funds paid into the court registry be returned to the tenants, and denied the landlord's request for a stay of that order.

The landlord then appealed to this court for a stay. On November 8, 1983, this court stayed release of all funds held in the Superior Court registry pending disposition of this appeal, and in addition ordered the trial court to provide a supplemental statement of findings of fact and conclusions of law with respect to the dismissal of the action. The calendar control judge entered findings of fact and conclusions of law on March 5, 1984, finding as a fact that "plaintiff's and his counsel's actions were intentional and designed to delay the trial to the prejudice of the defendants." This appeal followed.

## II

The court grounded its dismissal of this action upon Superior Court Civil Rule 39–I(b), which states:

> When an action is called for trial and the party seeking affirmative relief fails to respond, an adversary may have the claim dismissed, with or without prejudice as the court may decide, or the court may, in a proper case, conduct a trial or other proceeding.

The corresponding Landlord and Tenant Rule provides:

## Rule 12. PROCEEDINGS BY THE COURT.

(a) CALLING THE CALENDAR. After the judge takes the bench, the clerk will call the cases assigned to the court for disposition....

\*　　\*　　\*　　\*　　\*　　\*

(2) ... If in any case the plaintiff shall fail to appear without prior notice, the action may be dismissed for want of prosecution, or a non-suit may be ordered, or the case may be continued or returned to the files for further proceedings on a later date, as the court may direct.

■ The tenants argue that the court was acting within its discretion by dismissing the action, because by not appearing at 9:30 a.m. on the morning of trial the landlord "fail[ed] to respond." Under both Rule 39–I and L & T Rule 12(a)(2), however, the plaintiff is deemed to have "failed to respond" only if he is not present when the case has actually been called for trial. In this case, in contrast, not only was the case never certified for trial, but the plaintiff-landlord did appear, and he requested several times that the action go forward if no continuance was forthcoming from the calendar control judge.

■ The court based its dismissal on the fact that the tenants were prejudiced by the landlord's late appearance because they had dismissed their witnesses prior to his arrival, upon the advice of the Assignment clerk. Nothing in the Landlord and Tenant Rules permits the Assignment clerk to so advise a defendant, however. The Assignment clerk does have certain specified power under L & T Rule 11: if neither the landlord nor the tenant appears, the clerk may dismiss the action without prejudice; and if the defendant does not appear, the clerk may enter judgment for the plaintiff. Rule 11 also provides, however, that the clerk "*shall* present *all* other cases to the court for disposition" (emphasis added). It thus appears that in cases in which the plaintiff has not appeared, the Assignment clerk must still certify the case for trial when a trial judge becomes available. The defendant must then appear before the court, and at that point, under L & T Rule 12(a)(2), *supra*, if the plaintiff is not present and ready to proceed, the court may, in its discretion, dismiss the action.

We conclude that the calendar control judge had no authority under Rule 39–I(b) to dismiss this action, first, because the case was never "called for trial," and second, because the "party seeking affirmative relief," the landlord, did not "fail[ ] to respond" under Rule 39–I(b), *supra.* Our decision in *Milton Properties, Inc. v. Newby,* 456 A.2d 349 (D.C.1983), upon which the calendar court relied in its decision to dismiss under Rule 39–I, is inapposite. In that case, we upheld the calendar court's dismissal where the landlord *did* "fail[ ] to respond" because he not only did not appear at 9:30 on the day of trial but in addition was not present before the calendar court when the tenants moved to dismiss. *Id.* at 351–53. In this case, in contrast, the landlord appeared before the calendar court and repeatedly requested that the action go forward.

We note that a trial court may dismiss an action for failure to comply with court rules under its inherent power to manage its calendar and to have an orderly disposition of its cases. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962). This power is codified in Superior Court Civil Rule 41(b), which gives the trial court authority to dismiss a case "[f]or failure of the plaintiff to prosecute or to comply with [the Superior Court] rules or any order of court." In its findings of fact and conclusions of law, however, the calendar control court did not explicitly rely on either of these sources of authority to support its dismissal of the action.

We may not, in any case, uphold a dismissal with prejudice under Rule 41(b) absent some showing that the trial court has complied with the guidelines we have set forth for exercises of discretion to dismiss under that rule. We have repeatedly emphasized that a Rule 41(b) dismissal "is a drastic remedy, and should only be granted sparingly." *Frazier v. Center Motors, Inc.,* 418 A.2d 1018, 1020 (D.C.1980); *see Taylor v. Washington Hospital Center,* 407 A.2d 585, 590 (D.C.1979). Since " 'the sanction of dismissal is the most severe sanction that a court may apply, [ ] its use must be tempered by a *careful* exercise of judicial discretion.' " *Durham v. Florida East Coast Railway Co.,* 385 F.2d 366, 368 (5th Cir.1967) (citation omitted).[3] Dismissal with prejudice is an appropriate sanction only upon "clear evidence of deliberate delay," *Dove v. Codesco,* 569 F.2d 807, 810 (4th Cir.1978), or upon a showing of "contumacious conduct by the plaintiff," *Silas v. Sears, Roebuck & Co.,* 586 F.2d 382, 385 (5th Cir.1978). Courts have found an abuse of discretion in a trial court's dismissal with prejudice where the only evidence of intentional delay is one instance of failure to appear. *See, e.g., Tolbert v. Leighton,* 623 F.2d 585, 587 (9th Cir.1980); *Flaksa v. Little River Marine Construction Co.,* 389 F.2d 885, 888 (5th Cir.), *cert. denied,* 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968); *see also Sutton v. Sutton,* 164 A.2d 477, 478 (D.C.1960) (Rule 41(b) dismissal appropriate in face of "long and continuing disobedience" of court order).

In the exercise of its discretion under Rule 41(b), the trial court "should first resort to the wide range of lesser sanctions which it may impose." *Garces v. Bradley,* 299 A.2d 142, 144 (D.C.1973); *see Taylor,* 407 A.2d at 590.[4] Alternative sanctions

---

3. Superior Court Civil Rule 41(b) "is to be construed in light of the meaning of [the corresponding] federal rule." *Taylor,* 407 A.2d at 590 n. 4; *see Beckwith v. Beckwith,* 379 A.2d 955, 959 n. 5 (D.C.1977).

4. *See also Tolbert,* 623 F.2d at 587; *Anderson v. Air West, Inc.,* 542 F.2d 522, 525 (9th Cir.1976); *Mann v. Merrill Lynch, Pierce, Fenner & Smith,* 488 F.2d 75, 76 (5th Cir.1973) (per curiam); *Canada v. Mathews,* 449 F.2d 253, 255 (5th Cir. 1971); *Von Poppenheim v. Portland Boxing & Wrestling Comm'n,* 442 F.2d 1047, 1053 (9th Cir.1971), *cert. denied,* 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731 (1972); *Industrial Building Materials, Inc. v. Interchemical Corp.,* 437 F.2d 1336, 1339 (9th Cir.1970); *Flaksa,* 389 F.2d at 888.

include dismissal without prejudice,[5] an assessment of the defendant's costs and reasonable fees against the plaintiff,[6] or a finding that plaintiff's lawyer is in contempt of court and the imposition of a fine.[7]

We remand to the trial court for reconsideration of the order of dismissal in light of this opinion. We remand, in addition, for further consideration by the trial court of its disposition of the funds deposited in the court's registry pursuant to the protective order in light of our opinion in *Temple v. Walsh*, 485 A.2d 192 (D.C.1984).

*So ordered.*

NEBEKER, Associate Judge, dissenting:

This decision ought to alarm everyone concerned with litigation delay and concomitant costs. In remanding this case to the trial court for the second time, we are both wresting power from the calendar control court and failing in our obligation to improve the efficiency of judicial administration. When reviewing a case such as this one, this court should consider not only the interests of the respective parties but also those of witnesses and other litigants awaiting their day in court. The American Bar Association's Action Commission to Reduce Court Costs and Delay reports that the average delay in civil litigation, for example, is five years but that this could be reduced to one year if the bench and bar were willing to work together. Hufstedler & Nejelski, *A.B.A. Action Commission Challenges Litigation Cost and Delay*, 1980 A.B.A.J. 966.

When a case is set for trial, all parties are notified and expected to be present at the appointed hour, in this case 9:30 a.m.

Here, appellant did not appear until after 11:00 a.m., at which time he informed the court for the first time that his lawyer was in trial elsewhere. Super.Ct.Civ.R. 39–I(b), which is applicable in the Landlord and Tenant Branch[1], and upon which Judge Wolf predicated his subsequent dismissal, states that: "When an action is called for trial and the party seeking affirmative relief fails to respond, an adversary may have the claim dismissed with or without prejudice as the court may decide...." Further, Super.Ct. L & T R. 12(a)(2) provides that: "If in any case the plaintiff shall fail to appear without prior notice, the action may be dismissed for want of prosecution...."

Despite the language in these rules, the majority holds that the trial court's dismissal was improper, reasoning that the case was never "called for trial" as it had not yet been certified from the assignment office to a trial judge. The majority also concludes that the "party seeking affirmative relief," the landlord, did not "fail[ ] to respond" under Rule 39–I(b). I cannot agree with such a narrow, literal reading of this rule. Indeed, this court recently emphasized that the "thrust of Rule 39–I is that parties and their counsel are strictly obliged to appear in timely fashion on the day of trial. A weighty and convincing justification is required to excuse failure to do so." *Milton Properties, Inc. v. Newby*, 456 A.2d 349, 353 (D.C.1983). Here, appellant's justification for arriving late without counsel was neither weighty nor convincing. He, a long-standing member of the bar, had represented himself until one week prior to the scheduled trial date, at which time he retained counsel. However,

**5.** *See, e.g., Transit Casualty Co. v. Security Trust Co.*, 396 F.2d 803 (5th Cir.1968) (per curiam) (order of dismissal with prejudice for failure to comply with court order is vacated with instructions to reenter order of dismissal without prejudice), *cert. denied*, 393 U.S. 1024, 89 S.Ct. 635, 21 L.Ed.2d 568 (1969).

**6.** *See, e.g., Fischer v. Buehl*, 450 F.2d 950, 951 (3d Cir.1971) (per curiam) (costs and fees should be assessed against plaintiff for failure to

appear at pretrial conference; dismissal not warranted).

**7.** *See, e.g., In re Gregory*, 387 A.2d 720, 722 (D.C.1978); *In re Hunt*, 367 A.2d 155, 156–57 (D.C.1976), *cert. denied*, 434 U.S. 817, 98 S.Ct. 54, 54 L.Ed.2d 72 (1977); *see* Super.Ct.Crim.R. 42.

**1.** Super.Ct. L & T R. 2.

his lawyer failed to either enter his appearance or request a continuance until after 11:00 a.m. on the trial date, a maneuver which could have only delayed the trial. Super.Ct.Civ.R. 104 requires that an attorney with a scheduling conflict notify the court immediately upon becoming aware of the conflict and attempt to resolve it as quickly as possible. Appellant's counsel did neither, and a trial judge "understandably need not look kindly upon last-minute maneuvers which would wreak havoc on the court's trial calendar." *Taylor v. Washington Hospital Center*, 407 A.2d 585, 591 (D.C.1979), *cert. denied*, 446 U.S. 921, 100 S.Ct. 1857, 64 L.Ed.2d 275 (1980). Therefore Judge Wolf was acting within his discretion when he dismissed the action.