Lores GRANVILLE, Appellant,

v.

James HUNT, Appellee.

Nos. 88–1073, 88–1074.

District of Columbia Court of Appeals.

Submitted July 12, 1989.
Decided Nov. 17, 1989.

**3.** *Supra* at 62.

A. Palmer Ifill filed a brief for appellant.

Before NEWMAN, STEADMAN and FARRELL, Associate Judges.

STEADMAN, Associate Judge:

■ This case involves a dismissal with prejudice under Super.Ct.Civ.R. 41(b)[1] for failure to prosecute two actions brought by appellant. Since we find that the trial court did not properly exercise its discretion with respect to its dismissal of appellant's constructive trust claim, we reverse the dismissal as to that case. We affirm the dismissal with respect to appellant's assault action.

In *LaPrade v. Lehman*, 490 A.2d 1151 (D.C.1985), we reviewed the controlling legal principles governing Rule 41(b) dismissals with prejudice:

> We may not, in any case, uphold a dismissal with prejudice under Rule 41(b) absent some showing that the trial court has complied with the guidelines we have set forth for exercises of discretion to dismiss under that rule. We have repeatedly emphasized that a Rule 41(b) dismissal "is a drastic remedy, and should only be granted sparingly." Since "the sanction of dismissal is the most severe sanction that a court may apply, its use must be tempered by a *careful* exercise of judicial discretion." Dismissal with prejudice is an appropriate sanction only upon "clear evidence of deliberate delay" or upon a showing of "contumacious conduct by the plaintiff...." In the exercise of its discretion under Rule 41(b), the trial court "should first resort to the wide range of lesser sanctions which it may impose."

490 A.2d at 1155 (emphasis in original; citations omitted).[2] *See also Taylor v. Washington Hospital Center*, 407 A.2d 585, 590 (D.C.1979), *cert. denied*, 446 U.S. 921, 100 S.Ct. 1857, 64 L.Ed.2d 275 (1980) (since dismissal under Rule 41(b) is " 'a final and definitive doom' precluding a preferred disposition on the merits ... the trial court is well-advised to consider apply-

---

1. That Rule provides in pertinent part: "For failure of the plaintiff to prosecute ... defendant may move for dismissal of an action or of any claim against him." A dismissal under Rule 41(b), unless otherwise specified, is with prejudice. *Taylor v. Washington Hospital Center*, 407 A.2d 585, 590 n. 3 (D.C.1979), *cert. denied*, 446 U.S. 921, 100 S.Ct. 1857, 64 L.Ed.2d 275 (1980).

2. An earlier statement of these general principles in the precise context of a lengthy delay in prosecution (although not as extreme as here) appears in *Battle v. Jackson*, 476 A.2d 1143, 1145 (D.C.1984): "Among the factors that the court must consider are the length of the delay, the reasons for the delay, and any prejudice to the defendant as a result of the delay."

ing a lesser sanction, and an appellate court may well find an abuse of discretion where there has been no showing that the defendant actually would be prejudiced by the delay") (citations omitted).

The complaints in the appeal before us were filed in November 1981. The parties are two former lovers who are together the parents of a child. One action principally involved two alleged assaults by the defendant upon the plaintiff.[3] The other sought to reform a deed and impose a constructive trust on the defendant's record interest in the home occupied by the plaintiff and her children,[4] alleging that the defendant's name was added to the deed as a tenant in common for the sole purpose of enabling plaintiff to obtain financing and that plaintiff had paid all taxes, mortgage payments, and repair costs since the property's acquisition in 1977. Following the filing of the complaints, the defendant was served in the assault action but apparently not in the constructive trust action. The motion to dismiss with prejudice was triggered by the service in early 1988 of summons in both cases, following several changes in legal representation.

Each of appellee's respective motions to dismiss averred that appellant "in the intervening six and a half years [since the complaints were filed] has failed to take any action in this case or [to] prosecute the claim" and that, "because of the extraordinarily large lapse of time without any action on the part of the plaintiff, the defendant would be seriously prejudiced in attempting to prepare a defense to the complaint."

A brief hearing was held by the trial court, at which only arguments of counsel were presented. It then granted the motions, stating by way of explanation: "The length of time involved in and of itself puts such an air of staleness over both of these matters that they cannot continue in this court." In arguing his motions to dismiss,

counsel for the defendant, while advocating dismissal of both cases, nevertheless emphasized that of the two suits, the assault action presented the stronger case for dismissal. Counsel asserted that as to the assault case, defendant "would be at a great disadvantage seven years later trying to resurrect witnesses, statements, other factors that would be needed to defend the case." Counsel also pointed to a consent order entered into by the parties in December 1981[5] as an additional reason why "that's the stronger of the two why it should be dismissed." As for the constructive trust case, counsel did not in any manner particularize for the court the way in which the delay would prejudice his client, but stated simply, "[t]he other case, there hasn't been service for seven years and I think that's just too long for any plaintiff to wait."

Indeed, in discussing the preclusive effect of a dismissal in each case, counsel for *both* parties appeared to recognize that the two cases by nature and circumstances were not identically postured. Defendant's counsel stated "I just can't see how the assault and battery case can go forward at this late date, even if they were to refile new. The other case is certainly more troubling because it does deal with title to real estate." Counsel for plaintiff noted that in his view dismissal of the constructive trust action would not have preclusive effect.

■ The court, however, despite the awareness of the parties during the colloquy regarding the differing aspects of the two cases, treated the two identically in disposition, without evidencing in either the oral or written order reasoning tailored to the specifics of each case. *See Morgan v. Leitner*, 444 A.2d 932 (D.C.1982) (trial court must make a full explication of the factors surrounding its decision to dismiss). Brief inquiry as to the proper preclusive effect of a dismissal in each of the cases is

---

**3.** The complaint also set forth a related claim of false imprisonment and sought repayment of two relatively small loans to defendant.

**4.** She had two children in addition to that fathered by the defendant.

**5.** That agreement provided that, pending the outcome of the case, the defendant should stay away from the home, and provided for visitation rights by the defendant with their child.

not sufficient to show that the trial court adequately considered the lesser sanction of dismissal without prejudice, *LaPrade, supra,* 490 A.2d at 1155–56 (trial court must consider lesser sanctions such as dismissal without prejudice in proper exercise of discretion under Rule 41(b)), nor is it clear that the court gave due consideration to all of those factors which we have deemed necessary to the proper exercise of discretion in dismissal cases. *See Battle v. Jackson,* 476 A.2d 1143, 1145 (D.C.1984) (besides length of delay and resulting prejudice court must consider reasons for the delay).

■ We nonetheless affirm the trial court's dismissal with respect to the assault case. The trial court did not abuse its discretion in finding in the seven year delay in prosecuting the assault action such inherent prejudice as would justify dismissal of that claim. Concern regarding the prejudice inherent in a time delay in prosecuting an assault case is reflected in the statute of limitations applicable to such an action, which is one year. D.C.Code § 12–301 (1981). As defendant's counsel asserted at the hearing, the very nature of the case leads to the supposition that a seven year time delay would have a deleterious effect on the ability of his client to defend himself against the suit.[6]

As for the constructive trust action, however, it is not at all self-evident that substantial prejudice to the defendant's ability to defend himself is an inherent consequence of plaintiff's delay in prosecuting the case. As distinguishable from a suit over a discrete event, an equitable action involving property rights is by nature not so time-sensitive. This characteristic of a

constructive trust action is reflected in the fact that neither D.C.Code § 12–301(1), providing a fifteen year statute of limitations "for the recovery of lands, tenements, or hereditaments," nor the three year "catch-all" statute of limitations of § 12–301(8) is strictly applicable to constructive trust actions. Rather, the guiding principle is one of laches. *Watwood v. Yambrusic,* 389 A.2d 1362, 1363 n. 3 (D.C.1978); *see Schmittinger v. Schmittinger,* 404 A.2d 967, 970 (D.C.1979) (equitable defense of laches established only where court finds an undue and unexplained delay on the part of one party which works an injustice to the other party). Thus, while we unquestionably share the trial court's concern over the length of the delay, we cannot sustain as a "careful exercise of judicial discretion," *LaPrade, supra,* 490 A.2d at 1155, the trial court's dismissal of the constructive trust action where the court's sole basis for its disposition was its view that "staleness" was inherent in "[t]he length of time in and of itself."

Furthermore, although counsel offered by way of explanation for the delay in prosecuting the constructive trust action the fact that the parties had been engaged in negotiations during the years, and that they had reconciled for a time, the court apparently did not take this explanation into account or explore it further. *See Battle v. Jackson, supra,* 476 A.2d at 1145 (court must consider the reasons for the delay); *Wells v. Wynn,* 311 A.2d 829, 830 (D.C.1973) (long, *unexplained* delay requires dismissal); *see also Johnson v. United States,* 398 A.2d 354, 364 (D.C. 1979) (exercise of discretion must rest on

---

6. It is true that although defendant was served with process in the assault case, he never filed an answer. (Possibly the entry of the consent order the month following service was considered sufficient for the moment.) However, this failure is not totally determinative.

[P]laintiff cannot shift the responsibility of inaction to the defendant. There is no reason why the party being sued should take any steps to subject himself to the expense and inconvenience of a trial, if the plaintiff's neglect could reasonably give the defendant the hope or expectation that the case will never be tried.

5 J. MOORE, J. LUCAS & J. WICKER, MOORE'S FEDERAL PRACTICE ¶ 41.11[2], at 41–124 to –25 (2d ed. 1988) (citing *S & K Airport Drive-In, Inc. v. Paramount Film Distrib. Corp.,* 58 F.R.D. 4 (E.D. Pa.), *aff'd sub nom. S & K Airport Drive-In, Inc. v. Warner,* 491 F.2d 751 (3d Cir.1973)); *see also Forest Nursery Co. v. Crete Carrier Corp.,* 319 F.Supp. 213, 315 (E.D.Tenn.1970) (order to show cause why action should not be dismissed for want of prosecution even though defendant had not filed answer six months after service, referring to rule providing for entry of default).

"firm factual foundation"). Nor did the trial court give due regard for the distinctive attributes of the constructive trust action as one sounding in equity or the drastic consequences of a loss to plaintiff of a half-ownership interest in her home. We accordingly reverse the dismissal with regard to the constructive trust action (No. 88–1074), while affirming the dismissal of plaintiff's assault action (No. 88–1073).

*So ordered.*