William R. SMITH, Appellant,

v.

INTERSTATE GENERAL
CORPORATION,
Appellee.

No. 82–681.

District of Columbia Court of Appeals.

Submitted Jan. 5, 1983.

Decided June 29, 1983.

William R. Smith, pro se.

Elliot R. Arditti, Arlington, Va., and Rebecca J. Habbert, Washington, D.C. were on brief, for appellee.

Before KERN, BELSON and TERRY, Associate Judges.

TERRY, Associate Judge:

■ On this appeal from a judgment for the landlord in a landlord-and-tenant proceeding, the tenant makes numerous contentions, all but one of which are totally without merit. One of his claims of error, however, is well founded. We hold that, given the pleadings before it, the trial court erred when it entered a money judgment against appellant in a suit brought against him for possession only.

Appellee filed suit in the Landlord and Tenant Branch for possession of certain real estate based on appellant's non-payment of rent, alleging in its complaint that a notice to quit had been specifically waived in writing. However, appellee did not request in addition a money judgment for rent in arrears; that portion of the printed complaint form was left blank. At the conclusion of a bench trial, appellee was awarded a judgment for possession and for money damages in the amount of $1,165, consisting of $613 for rent in arrears and $552 in monies deposited in the registry of the court pursuant to a protective order.

Super. Ct. L & T R. 3 provides in pertinent part:

> An original or amended complaint[1] may ... include a claim for a money judg-

1. Appellee's complaint was twice amended by praecipe. The first amendment was to the effect "that the amount of rent due as of the date of filing was $495.00," rather than $349.00 as originally alleged. The second amendment, filed after trial pursuant to leave of court granted during trial, stated that "the monthly rental rate is $335.00," rather than $349.00 as originally alleged. Neither of these amendments said anything about a claim for money damages.

During the trial appellee also filed, with leave of court, a document entitled "Trial Memorandum" which included a schedule of rent payments over a seventeen-month period. The schedule listed for each month the rent claimed by appellee, the rent paid by appellant, and the difference between the two figures. Whether

ment based on rent in arrears, *provided that no money judgment shall be rendered against the defendant unless he has been personally served or unless he asserts a counterclaim or a defense of recoupment or set-off.* [Emphasis added.] Appellant was not personally served in the instant case, nor did he assert a counterclaim or a defense of recoupment or set-off.[2] Thus the trial court's entry of judgment for the amount of rent in arrears ($613) was error, and we reverse that portion of the money judgment. Appellee, of course, is free to sue for this amount in a separate civil action. *See Mahoney v. Campbell,* 209 A.2d 791, 794 (D.C.App.1965); *Paregol v. Smith,* 103 A.2d 576 (D.C.Mun. App.1954).

■ The trial court also erred in awarding to appellee the $552 in the registry of the court, but its error lay only in making that award part of its final judgment. The distribution of the funds in the registry was the concluding stage of a separate and distinct equitable proceeding, not part of the underlying possessory action. That proceeding was begun by the entry of the protective order, an equitable remedy designed "to avoid placing one party at a severe disadvantage during the period of litigation." *Bell v. Tsintolas Realty Co.,* 139 U.S.App.D.C. 101, 109, 430 F.2d 474, 482

(1970); *accord, Davis v. Rental Associates, Inc.,* 456 A.2d 820, 823–824 (D.C.Mun.App. 1983) (en banc) (plurality opinion). Disbursement of the money deposited pursuant to that protective order, with or without a hearing,[3] merely completed the parallel but discrete equitable proceeding. *See Management Partnership, Inc. v. Garris,* 109 Daily Wash.L.Rptr. 789 (D.C.Super.Ct. March 17, 1981). The release of those funds should therefore have been effected by a separate order entered in the exercise of the court's equity power, not as part of the judgment in the underlying legal action. Accordingly, we vacate that portion of the trial court's judgment awarding to appellee the $552 in the registry of the court and remand this case for entry of a separate order disposing of that money.

*Reversed in part, vacated and remanded in part.*

this Trial Memorandum should be construed as an additional amendment to the complaint is a difficult question; it contains no language purporting to amend anything, but there is at least an intimation in the record that it was so intended. For the purposes of our decision, therefore, we shall assume, without deciding, that the Trial Memorandum did amend the complaint by adding a claim for money damages.

2. In appellant's answer to the unamended complaint, styled "Reply of Defendant," he asserted that he had paid appellee $276 as "rent for the period encompassed in [appellee's] demand." The amount which appellee sought and for which it ultimately received a money judgment, however, represented the difference between what appellant claimed his rent to have been for the period at issue and what appellee said he owed. Appellant did not assert that appellee owed him any money, but only that he

owed appellee nothing more than what he had already paid. Thus appellant's answer cannot be construed as asserting either a counterclaim or a defense of recoupment or set-off.

3. There was no need in this case for the trial court to hold an evidentiary hearing under *McNeal v. Habib,* 346 A.2d 508 (D.C.App.1975), before disbursing the $552 in the registry. Such a hearing "is only appropriate at the conclusion of the suit for possession if the trial of the case, itself, does not determine the proportionate rights of the parties." *Dameron v. Capitol House Associates Limited Partnership,* 431 A.2d 580, 583 (D.C.App.1981). Appellant did not allege any housing code violations, and there is no indication in the record that the "proportionate rights of the parties" were not settled at the trial. There was therefore no occasion for a *McNeal* hearing. *Compare Goodwin v. Barnes,* 456 A.2d 1246, 1248 n. 1 (D.C.App.1983).