Gloria TAYLOR, Appellant,

and

David Taylor, Appellant,

and

Shelton Taylor, Appellant,

and

Gloria Taylor, et al., Appellants,

v.

FIRST AMERICAN TITLE CO., Appellee.

Nos. 83–1300, 83–1337, 83–1338 and 84–239.

District of Columbia Court of Appeals.

May 31, 1984.

Gloria Taylor, pro se.

David Taylor, pro se.

Shelton Taylor, pro se.

Lisa Dessel, Washington, D.C., for appellee.

Before MACK, FERREN and BELSON, Associate Judges.

FERREN, Associate Judge:

This appeal arises from a suit for possession of real estate filed in the Landlord and Tenant Division by plaintiff-appellee, First American Title Company, alleging that defendant-appellants, the Taylors, are foreclosed homeowners. The principal issue is the appealability of a pretrial protective order.

I.

Acting pro se, defendants filed a plea of title and a motion to waive undertaking under Super.Ct. L & T R. 5(c). On October 26, 1983, after a hearing at which both parties presented evidence, Judge Graae denied the motion for waiver of undertaking and required defendants both to post a surety bond of $25,000 and to pay $250 monthly under a protective order. On October 31, 1983, defendants appealed the trial court's ruling (appeal # 1). They neither posted the surety bond nor paid under the protective order at that time.

On November 7, 1983, upon defendants' failure to post the undertaking, the Clerk of the Superior Court struck the plea of title and set the case for hearing on November 16, 1983. On November 16, Judge Greene granted plaintiff's motion to strike the pleadings and entered judgment for the plaintiff. He also denied defendants' oral motion for a stay pending appeal.

On November 17, 1983, plaintiff caused a writ of restitution to be issued; defendants applied to this court for a stay pending appeal and for summary reversal of the trial court's judgment (appeal # 2). On November 23, 1983, this court accepted jurisdiction of appeal # 1 and held, *inter alia*, that because an appeal had been taken from the protective order, the trial court on November 16 lacked jurisdiction to strike the defendants' pleadings or to enter judgment for the plaintiff. We also denied defendants' motion for a stay pending appeal # 2 and remanded the record to permit the trial judge, in his discretion, to allow defendants ten days in which to comply with the protective order.[1]

---

1. We entered the following order of November 23, 1983:

On consideration of the motions of appellants for stay of the trial court judgment, the motions of appellants for leave to amend their motions for stay and civil appeal statements, and the motions of appellants for leave to file memoranda in support of their motions for stay, the motions of appellants for summary reversal of the trial court judgment, and the opposition of those motions and to the motion for stay, it is

ORDERED that the motions for leave to amend the statements and motions, and for leave to file memoranda are granted and it is

FURTHER ORDERED, *sua sponte,* that these appeals are consolidated for all purposes.

It appearing that this court has jurisdiction of appeals from protective orders entered in landlord-and-tenant proceedings, *see Cooks v.*

On December 2, 1983, Judge Graae granted defendants ten additional days in which to comply with his protective order of October 26, 1983. Pursuant to that protective order, defendants paid the $250 but failed to post the $25,000 surety bond. On December 19, 1983, defendants filed a new notice of appeal (appeal # 3) alleging that this court's order of November 23, 1983, had struck the requirement of the surety bond and further alleging that Judge Graae could not enter the December 2 order without affording defendants an additional hearing.

On February 22, 1984, Judge Urbina struck defendants' pleadings again for failure to post the surety bond and certified the case to the Civil Division of Superior Court for non-jury trial. On February 24, 1984, defendants appealed this order (appeal # 4) and filed an expedited motion to vacate Judge Urbina's ruling.

Because we conclude that this court's order of November 23, 1983 was improvidently entered, we vacate that order, as well as the subsequent orders of the trial court (December 2, 1983 and February 22, 1984), and remand this case for further proceedings.

## II.

In *Bell v. Tsintolas Realty Co.*, 139 U.S. App.D.C. 101, 430 F.2d 474 (1970), the United States Court of Appeals for the District of Columbia Circuit accepted the appeal of a pretrial protective order. In *Cooks v.*

> *Fowler,* 141 U.S.App.D.C. 236, 437 F.2d 669 (1970), the trial court lacked jurisdiction to strike the defendants' pleadings and to enter judgment for the plaintiff once appeals were taken. Therefore, it is
> FURTHER ORDERED that the orders of the trial court striking the defendants' pleadings and entering judgment for the plaintiff are vacated.
> It further appearing that the appellants have not shown a sufficient likelihood of success on the merits of their appeals, *see Virginia Petroleum Jobbers Association v. Federal Power Commission,* 104 U.S.App.D.C. 106, 259 F.2d 921 (1958), it is
> FURTHER ORDERED that the motions for stay of the protective orders are denied.

*Fowler,* 141 U.S.App.D.C. 236, 437 F.2d 669 (1971), (*Cooks I,* January 12, 1971), the court accepted an appeal of a posttrial protective order pending the appeal on the merits:

> The [District of Columbia] Court of Appeals' disposition of the controversy over the protective order ... was a complete and final denial by that court of relief from the requirement of monetary deposits during the pendency of petitioner's appeal. That requirement, in turn, operating like a supersedeas, conditioned the stay, pending the appeal, of respondent's judgment for possession. Because the requirement was not met, a writ of restitution is outstanding, and only our temporary stay of eviction stands in the way of execution of the writ. We think, then, that the Court of Appeals' order with reference to this aspect of the litigation is presently appealable to tender for this court's decision the issue over the propriety of the protective order.

*Id.* at 239, 437 F.2d at 672 (footnote omitted). The court explained that it regularly had accepted appeals of both pretrial and posttrial protective orders because "[b]oth types seem to fall within the collateral order doctrine articulated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 ... (1949). Compare *Redding & Co. v. Russwine Const. Corp.*, 135 U.S.App.D.C. 153, 417 F.2d 721 (1969)." *Id.* at 239 n. 7, 437 F.2d at 672 n. 7.[2]

> It further appearing that the appellants have not met the strict standard for the granting of summary reversal of the trial court judgment, *see Oliver T. Carr Management v. National Delicatessen,* 397 A.2d 914, 915 (D.C.1979), it is
> FURTHER ORDERED that the motions for summary reversal are denied. It is
> FURTHER ORDERED that the records in these cases are remanded to the trial court for it to consider allowance, in its discretion, of a further ten days to appellants within which to comply with the protective order.

2. The Court added:
> Dispossession of the tenant for noncompliance with a protective order invariably threatens serious consequences for the tenant. It is

■ Because both *Bell* and *Cooks I* were decided before February 1, 1971, they are binding upon this court. *M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C.1971). Specifically, this means that no division of this court may ignore the legal rules established by these cases; only our *en banc* court may do so. *Id.* In *Dameron v. Capitol House Associates Ltd.,* 431 A.2d 580 (D.C.1981), however, a division of this court held that pretrial protective orders are not appealable. This court, nonetheless, is bound by *Bell,* as explained by *Cooks I,* and thus we are constrained to hold that pretrial protective orders are appealable under the collateral order doctrine. This holding, however, squarely presents the question of the effect of the pendency of such an appeal on the case awaiting trial.

■ Although normally the noting of appeal divests the trial court of jurisdiction, *e.g., Abrams v. Abrams,* 245 A.2d 843, 844 (D.C.1968), there are exceptions to this rule. *See, e.g.,* 9 J. MOORE, B. WARD, & J. LUGAS, MOORE'S FEDERAL PRACTICE § 203.11 at 3–44 to 3–46 (1983). In this court's order of November 23, 1983, we held that the noting of an appeal of a protective order divests the trial court of jurisdiction to strike the defendant's pleadings for failure to pay under such order. Such a rule, however, would allow a defendant to obtain an automatic stay merely by filing an appeal of a protective order. This, in turn, would frustrate the purpose of expedition inherent in the Landlord and Tenant Division of Superior Court. Thus, we recede from our earlier ruling and now conclude

that, when appealing a protective order or undertaking, a defendant must either comply with that order *pendente lite* or obtain a stay pending appeal under D.C.App.R. 8, which requires an application in the first instance to the Superior Court. If the defendant neither pays the undertaking nor obtains a stay, the trial court may, after holding a proper inquiry, *Battle v. Nash,* 470 A.2d 1252 (D.C.1983), strike the defendant's pleading and enter judgment for the plaintiff.

### III.

■ In the present cases, because defendant-appellants neither paid the undertaking nor timely applied for a stay, we hold that Judge Greene of the trial court did have jurisdiction to strike their pleadings on November 16, 1983. This holding is without prejudice to the trial court's reconsidering its November 16 order [3] (subject, of course, to defendants' right to note a timely appeal from an adverse ruling). Our ruling today accordingly moots appeals # 2, 3, and 4 (November 17, 1983, December 19, 1983, and February 24, 1984, respectively). If, however, the trial court declines to reconsider its November 16 order within fifteen days of today's order, our ruling here is without prejudice to defendant-appellants' noting an appeal from, and seeking a stay of, the trial court's November 16, 1983 ruling within thirty days of today's order.

*So ordered.*

unclear as to whether, after eviction, the main issues—which comprise the appeal on the merits—could survive a claim of mootness. Compare, *e.g., Wirtz v. Powell Knitting Mills Co.,* 360 F.2d 730 (2d Cir.1966). But whether they could or not, it is certain that eviction would disrupt, perhaps for a substantial period, an ongoing occupancy upon which the tenant insists as a matter of continuing right. Furthermore, when the situation is viewed realistically, one could hardly vouch for the likelihood that the occupancy will be resumed even in the event of an ultimate merits victory for the tenant. Surely where, as here, a jury has found substantial housing violations and the landlord avowedly will remove the leased

property from the housing market, "[a]ppellate review of the order" requiring rent deposits "would be an empty rite after" eviction "and the restoration of" possession is "only theoretically possible." *Swift & Co. Packers v. Compania Colombiana Del Caribe,* 339 U.S. 684, 689, 70 S.Ct. 861, 865, 94 L.Ed. 1206 (1950). *Id.* at 239 n. 7, 437 F.2d at 672 n. 7.

3. Contrary to defendant-appellants' assertion, such reconsideration would be at the trial court's discretion, and no new hearing would be required.