A.C. JAMISON, Appellant,

v.

S & H ASSOCIATES, Appellee.

No. 84-260.

District of Columbia Court of Appeals.
Submitted Jan. 17, 1985.
Decided Feb. 13, 1985.

Clay G. Guthridge, Washington, D.C., was on brief for appellant. Cyril L. Barry, Law Student Counsel, also entered an appearance for appellant.

No brief was filed on behalf of appellee. Richard C. Deering, Washington, D.C., entered an appearance for appellee.

Before PRYOR, Chief Judge, and NEWMAN and TERRY, Associate Judges.

TERRY, Associate Judge:

In this landlord-tenant case, the tenant appeals from an order striking his pleadings and entering judgment in favor of the landlord because the tenant failed to comply with a protective order. The tenant argues that the trial court erred in failing to consider his assertion that he did not waive his right to a notice to quit, despite the landlord's contrary allegation in the complaint. We agree and reverse.

The landlord sued the tenant for possession of an apartment after the tenant had failed to pay rent for seven months. In the complaint, which was typed on a printed form provided by the court, the landlord checked a box next to a statement that "service of a notice to quit has been specifically waived in writing." On February 3, 1984, the court issued a protective order requiring the tenant to deposit into the registry of the court each month an amount equal to his monthly rent under the lease, which was $325.00. The first such payment was to be made not later than February 6. The tenant filed an answer on February 21 averring that he had not received a "legally sufficient notice to quit" and had not waived in writing his right to such notice.[1] Ten days later the landlord moved to strike the tenant's pleadings and enter judgment in its favor because the tenant had not deposited his February rent payment in the court registry, as the protective order directed. At the hearing on the motion, the tenant's counsel conceded that his client had not complied with the protective order, but he explained that the tenant's failure to do so was due to a delay by the Social Security Administration in paying him certain disability benefits. Counsel also reiterated the assertion in the answer that the landlord had misrepresented in its complaint a fact critical to its suit for possession, namely, that the tenant had waived his right to a written notice to quit. The landlord's attorney did not dispute these allegations,[2] but the court nevertheless granted the motion to strike the pleadings and entered a judgment for possession.

---

1. The answer also included two counterclaims which are not pertinent to this appeal.

2. The landlord's attorney did make a cryptic reference to the doctrine of *res judicata* and stated that there was a prior outstanding judgment against the tenant. However, it is not clear how that prior judgment relates to the instant case, and the trial court evidently did not rely on it in ruling in the landlord's favor.

The tenant promptly filed a motion to vacate the judgment and dismiss the complaint, stating once again that the landlord had failed to give him thirty days' notice to quit, as required by D.C.Code § 45–1402 (1981) and 24 C.F.R. § 881.607(c) (1984),[3] as well as by the lease itself.[4] The motion reiterated the tenant's assertion that, contrary to the allegation in the complaint, he had never waived his right to a notice to quit. After a hearing, the court denied the motion to vacate, saying:

> [T]he amount outstanding here is substantial. The defect as you allege on the face of the complaint would not constitute the type of defect on the face of, on the—if the case were tried on its merits that would necessarily disentitle the Plaintiff to proceed on a case of that, if that face defect could be cured. But in any event what has happened here is that there's been no money forthcoming from the Defendant. At the time of the filing of the complaint in January there was some $2,275 owed. What the Court did was he asked the Defendant to put some money in the Court Registry so that the status quo could be maintained pending the outcome of the resolution of the case on the merits and that hasn't happened. Defendant's motion to vacate the judgment and dismiss the complaint is denied.

■ Although a court may, in its discretion, strike a tenant's pleadings and enter a judgment of possession in favor of a landlord when the tenant fails to comply with a protective order, it may do so only after considering the extent of the tenant's noncompliance and the reasons for it. *Battle v. Nash,* 470 A.2d 1252, 1254–1255 (D.C. 1983); *Davis v. Rental Associates, Inc.,* 456 A.2d 820, 826–827 (D.C.1983) (en banc). In this case the court properly took these factors into account, but it never made any inquiry into the tenant's allegation that the landlord had misrepresented a fact critical to its suit for possession—namely, that the tenant had waived in writing his right to a thirty-day notice to quit. It merely observed that this asserted "defect" in the complaint would not bar the landlord from obtaining a judgment for possession. In so ruling the court plainly erred.

■ Appellant was a month-to-month tenant. In the District of Columbia such a tenant is entitled to a thirty-day notice to quit before his landlord may sue for possession of the premises. D.C.Code § 45–1402 (1981). Although service of such a notice may be waived, "it is, nevertheless, a condition precedent to the landlord's suit for possession." *Moody v. Winchester Management Corp.,* 321 A.2d 562, 563 (D.C.1974) (citations omitted); *accord, Barr v. Rhea Radin Real Estate, Inc.,* 251 A.2d 634, 635 n. 7 (D.C.1969). If the landlord fails to serve the tenant with a notice to quit and the tenant does not waive such notice, then the landlord is not entitled to possession. *Moody v. Winchester Management Corp., supra.* Therefore, if the landlord alleges in a complaint for possession that the tenant has waived the right to a notice to quit, and the tenant contests that allegation, then the landlord must affirmatively prove either that there has been a waiver or that a notice has been served. Because the landlord in this case did neither, it was not entitled to a judgment of possession, regardless of the tenant's failure to comply with the protective order.

*Reversed.*

---

**3.** This federal regulation applies because the landlord had received a rehabilitation grant under a subsidy program administered by the Department of Housing and Urban Development.

**4.** Paragraph 22(c) of the lease, which is in the record, provides that "[i]f the Landlord proposes to terminate this Agreement, the Landlord agrees to give the Tenant written notice of the proposed termination." The lease contains no waiver provision.