**Janis BOWN, et al., Appellants,**

v.

**William M. HAMILTON, Appellee.**

**No. 86–1536.**

District of Columbia Court of Appeals.

Argued Dec. 17, 1987.

Decided Jan. 20, 1988.

Frederic W. Schwartz, Jr., Washington, D.C., for appellants.

Charles H. Acker, III, Washington, D.C., for appellee.

Before PRYOR, Chief Judge, and NEWMAN and TERRY, Associate Judges.

TERRY, Associate Judge:

In this landlord-tenant case, the only issue presented on appeal concerns the proper scope of what is widely known as a *McNeal* hearing. *See McNeal v. Habib,* 346 A.2d 508, 514–515 (D.C.1975). The trial court refused to allow appellants, the tenants, to introduce evidence at the *McNeal* hearing relating to their landlord's alleged violations of the lease agreement and their claim of constructive eviction. Appellants now assert that this was error. We disagree and affirm the trial court's ruling.

A *McNeal* hearing in a landlord-tenant case is specifically designed to determine whether housing code violations existed while a protective order[1] was in effect, and, if so, whether those violations would entitle the tenant to an abatement of the rent paid into the court registry under the protective order. Any claims unrelated to housing code violations or other defects in the property are thus irrelevant to a *McNeal* hearing. Appellants have cited no case, and we have found none, in which evidence relating to matters other than

1. *See Bell v. Tsintolas Realty Co.,* 139 U.S.App. D.C. 101, 430 F.2d 474 (1970).

housing code violations has been introduced. Indeed, in numerous cases discussing *McNeal* hearings, this court has listed violations of the housing code as the only relevant matters to be considered at such a hearing. *See, e.g., City Wide Learning Center, Inc. v. William C. Smith & Co.,* 488 A.2d 1310, 1314 (D.C.1985); *Adams v. Jonathan Woodner Co.,* 475 A.2d 393, 398 (D.C.1984); *Smith v. Interstate General Corp.,* 462 A.2d 1133, 1134 n. 3 (D.C.1983); *Armwood v. Rental Associates, Inc.,* 429 A.2d 190, 191 (D.C.1981).

*Habib v. Thurston,* 517 A.2d 1 (D.C. 1985), on which appellants rely, did not broaden the scope of a *McNeal* hearing. On the contrary, *Habib v. Thurston* made clear that whether a *McNeal* hearing must be held at all depends on whether "the tenant alleges substantial housing code violations entitling her to an abatement of rent...." *Id.* at 13. We held earlier in *Goodwin v. Barnes,* 456 A.2d 1246 (D.C. 1983), that a *McNeal* hearing "is solely for the purpose of examining evidence of housing code violations or other defects...." *Id.* at 1247 (citation omitted), quoted with approval in *Habib v. Thurston, supra,* 517 A.2d at 13. Appellants' expansive reading of our decision in *Temple v. Thomas D. Walsh, Inc.,* 485 A.2d 192 (D.C.1984), cannot be accepted, for *Temple* must be read in the context of our other cases dealing with *McNeal* hearings, particularly *Goodwin v. Barnes, supra.* Although *Temple* and other cases refer to a *McNeal* hearing as a separate equitable proceeding, not part of the underlying possessory action, it is an equitable proceeding limited in scope and purpose. Neither *McNeal* itself nor any of its progeny give the Landlord and Tenant Branch of the Superior Court general authority to resolve, in a *McNeal* hearing, all issues relating to the leased premises, as appellants urge us to hold. We decline to place that additional burden on an already overburdened branch of the trial court.

*Affirmed.*