Marcus E. HAYNES, Appellant,

v.

Brian LOGAN, Appellee.

No. 90–1531.

District of Columbia Court of Appeals.

Argued Nov. 8, 1991.
Decided Dec. 20, 1991.

Sandra Benson Brantley, Washington, D.C., for appellant.

Vanessa M. Carpenter, Washington, D.C., for appellee.

Before FERREN and TERRY, Associate Judges, and PRYOR, Senior Judge.

TERRY, Associate Judge:

In this landlord-tenant case, the tenant (Haynes) appeals from a judgment of possession in favor of the landlord (Logan) based on the tenant's failure to make payments into the registry of the court as required by a protective order. The tenant argues that the trial court did not follow the procedures outlined in *Davis v. Rental Associates, Inc.,* 456 A.2d 820 (D.C.1983) (en banc), for entering a judgment of possession. We agree and reverse.

In July 1988 Haynes moved into a basement apartment in a house that Logan later purchased. Because Haynes failed to pay his monthly rent between November 1989 and February 1990, Logan sued for possession in February 1990. At the first hearing in the case, Logan made an oral motion for a protective order. The court did not rule on the motion but continued the case for two weeks. When the hearing reconvened, Haynes alleged[1] that there were substantial housing code violations at the apartment, and as a result the court set the matter for a *"Bell* hearing" to determine whether these allegations justified setting the protective order payments below the rent level.[2] Following the hearing on April 12, 1990, the court found there were no serious complaints by Haynes of housing code violations that Logan had refused to remedy. The court therefore entered a protective order requiring Haynes to pay the rent agreed upon in the lease, $450 per month, into the court registry.

Between April and September 1990, Haynes sought and received the court's permission to make late protective order payments on four occasions. On September 17 Haynes made another late payment request, but this time his request was denied. When Haynes filed a motion for reconsideration, Logan in his opposition requested entry of a judgment of possession. The court granted that request in an order

---

1. Haynes represented himself throughout the proceedings in the trial court, up to and including the entry of judgment. On appeal, however, he is represented by counsel.

2. Under *Bell v. Tsintolas Realty Corp.,* 139 U.S.App.D.C. 101, 106, 430 F.2d 474, 479 (1970), the court may enter a protective order requiring the tenant to make future rent payments, as they become due, into the registry of the court pending the outcome of a suit for possession. Such an order is permissible, however, "only when the tenant has either asked for a jury trial or asserted a defense based on violations of the housing code, and only upon motion of the landlord and after notice" and opportunity for a

hearing. *Id.* at 110, 430 F.2d at 483 (footnote omitted). Moreover:

Even if the landlord has adequately demonstrated his need for a protective order, the trial judge must compare that need with the apparent merits of the defense based on housing code violations. Relevant considerations would be whether the housing code violations alleged are *de minimis* or substantial.... Certainly a [monthly payment less than the established rent] would be desirable when the tenant makes a strong showing that the condition of the dwelling is in violation of Housing Regulations norms.

*Id.* at 111, 430 F.2d at 484.

dated December 3, 1990, which entered judgment in favor of Logan for possession of the apartment and released the funds in the registry to him. The court based its order, in part, on the fact that "there was a recent *Bell* hearing." We note, however, that the *Bell* hearing was held almost eight months earlier before a different judge from the one who entered the judgment of possession.

■■■ A court may, in its discretion, strike a tenant's pleadings and enter a judgment of possession in favor of a landlord when the tenant fails to comply with a protective order, but only after "holding a proper inquiry. . . ." *Taylor v. First American Title Co.,* 477 A.2d 227, 230 (D.C.1984) (citation omitted); *accord, e.g., Jamison v. S & H Associates,* 487 A.2d 619, 621 (D.C.1985); *Battle v. Nash,* 470 A.2d 1252, 1254 (D.C.1983); *Davis v. Rental Associates, supra,* 456 A.2d at 826. The plurality opinion in *Davis,* which this court has consistently followed in later cases, lists three factors which the trial court must consider: the extent of the tenant's non-compliance with the protective order, the reasons for that non-compliance, and the landlord's right to be free from governmental takings without just compensation. *Davis v. Rental Associates, supra,* 456 A.2d at 826–827; *see Battle v. Nash, supra,* 470 A.2d at 1254–1255. Because the trial court entered a judgment of possession without doing so, that judgment must be reversed.

■■■ Logan argues that by virtue of the testimony presented at the *Bell* hearing in April and the hearing in September on Haynes' request to make a late protective order payment, as well as the averments in Haynes' motion for reconsideration of the denial of that request, the *Davis* factors were adequately considered before the court entered its judgment of possession in December. We cannot agree. It is undisputed that the court entered that judgment without hearing any testimony regarding Haynes' non-compliance with the protective order. While the court may well have taken into consideration the matters that Haynes stressed in his motion for reconsideration filed in September—his reasons for failing to make the September rent payment, his prior efforts to gain extensions, and the fact that he had met previous payment deadlines [3]—the court's failure to hold a hearing on the landlord's request for a judgment of possession cannot be overlooked or excused. This court has consistently held that a hearing is a prerequisite to the entry of a judgment of possession based on non-compliance with a protective order.[4] The case law simply does not support Logan's argument that an accumulation of hearings on other matters before different trial judges may substitute for the hearing mandated by *Davis* and subsequent cases.

■■■ Haynes also contends—without having raised the issue in the trial court—that Logan was not entitled to possession because he failed to prove the allegation in his complaint that Haynes had waived his right to a notice to quit.[5] We said in *Jamison v. S & H Associates, supra,* that "if

---

**3.** In his reply to Logan's opposition to his motion for late protective order payments, Haynes stated that soon after the court had entered the protective order in April, his invalid mother was placed on a respirator, and he "had to take on the responsibility of paying for the rental of my mother's breathing machine."

**4.** *See Jamison v. S & H Associates, supra,* 487 A.2d at 621 (generally approving the trial court's hearing on the *Davis* factors, but reversing the judgment of possession because the court "never made any inquiry into the tenant's allegation that the landlord had misrepresented" facts concerning waiver of the notice to quit); *Taylor v. First American Title Co., supra,* 477 A.2d at 230 ("If the defendant neither pays the undertaking

nor obtains a stay, the trial court may, after holding a proper inquiry ... strike the defendant's pleading and enter judgment for the plaintiff"); *Battle v. Nash, supra,* 470 A.2d at 1255 ("Rule 13 demanded in this case ... that the hearing on the motion take place no sooner than the fifth day after its service on appellant"); *Davis v. Rental Associates, supra,* 456 A.2d at 826 ("the trial court must first consider at the hearing on the landlord's motion for judgment of possession the extent of the tenant's noncompliance with the order").

**5.** On the printed complaint form, in the section pertaining to notice to quit, Logan checked the box indicating that such notice had been waived in writing.

the landlord alleges in a complaint for possession that the tenant has waived the right to a notice to quit, *and the tenant contests that allegation,* then the landlord must affirmatively prove either that there has been a waiver or that a notice has been served." 487 A.2d at 621 (emphasis added). In this case Haynes had ample opportunity to contest Logan's allegation of waiver,[6] but because he failed to do so, we hold that the rule announced in *Jamison* does not apply here.[7]

The judgment granting possession to the landlord is reversed on the ground that the court failed to hold a hearing on the landlord's request for judgment. This case is remanded to the trial court for further proceedings consistent with this opinion.

*Reversed and remanded.*

---

6. *See* D.C.Code § 45–1402 (1990) (requiring thirty days' notice to quit).

7. Haynes contends in addition that the trial court abused its discretion in entering the protective order after the April 12 hearing because there were several outstanding motions, all of which he had filed *pro se,* and as a result he was "confused as to the purpose of the ... hearing." Although the transcript of that hearing does show that he may not have understood at first the purpose of the hearing, the record as a whole does not support his claim of confusion. Haynes' challenge to the amount of the protective order payment is likewise without merit. Logan's counsel stated to the court that the monthly rent for the apartment was $450, and Haynes never disputed that statement.