Rona LaPRADE, Appellant,

v.

Claudia LIEBLER, Appellee.

No. 90–CV–268

District of Columbia Court of Appeals.

Argued May 20, 1992.
Decided Oct. 16, 1992.

John C. LaPrade, for appellant.

Gary D. Wright, for appellee.

Before STEADMAN and SULLIVAN, Associate Judges, and BELSON, Senior Judge.

STEADMAN, Associate Judge:

■ In a possessory action by appellant Rona Foote LaPrade against her tenant, appellee Claudia Liebler, a protective order was entered pursuant to which Liebler paid into the court registry a total of $2,550.[1] At a *McNeal*[2] hearing held by the trial court after Liebler's original jury demand had been withdrawn over LaPrade's objection, the trial court ordered a rebate of $345, with the balance to be paid to La-Prade. LaPrade takes an appeal from this order, asserting first, that the protective order itself was improper since it was sought by Liebler, the tenant, over the landlord's objection, and second, that she had been denied her right to trial by jury. We hold that the protective order was properly issued but that LaPrade was deprived of her right to trial by jury on the *McNeal* issues.[3]

I

■ First, appellant argues that only landlords, and not tenants, are entitled to protective orders with respect to disputed rental funds and that, therefore, the August 11, 1988, protective order was improperly entered upon tenant's motion.[4] A protective order in landlord and tenant disputes is "an equitable remedy designed 'to avoid placing one party at severe disadvantage during the period of litigation.'" *Smith v. Interstate General Corp.*, 462 A.2d 1133, 1134 (D.C.1983) (quoting *Bell v. Tsintolas Realty Co.*, 139 U.S.App.D.C. 101, 109, 430 F.2d 474, 482 (1970)). While it is true that motions for protective orders requiring deposits into the court registry commonly come from landlords rather than from tenants and there is a certain anomaly in the tenant's seeking an order directed to herself, appellant has not cited, nor can we find, any authority reserving that privilege exclusively to landlord movants. "'The protective order is an equitable tool of the court requiring the exercise of sound discretion on a case-by-case basis.'" *Davis v. Rental Associates, Inc.*, 456 A.2d 820, 824 (D.C.1983) (en banc) (quoting *Dameron v. Capitol House Associates*, 431 A.2d 580, 583 (D.C.1981)). "[A] protective order has no permanent impact on the rights of the parties but only maintains the status quo between the landlord and the tenant." *Id.* Because the protective order "benefits both landlord and tenant," we see no obstacle to a motion by either side for such an order where the amount of rent due is in dispute.[5] *Dameron, supra,* 431 A.2d at 583 n. 4; *see Davis, supra,* 456 A.2d at 824; *McNeal, supra,* 346 A.2d at 512.

---

1. Liebler made three rental payments of $850 each into the court registry and then departed the premises, mooting out the dispute over possession. In fact, that action was eventually dismissed as prematurely filed.

2. *McNeal v. Habib,* 346 A.2d 508 (D.C.1975). A *McNeal* hearing is "specifically designed to determine whether housing code violations existed while a protective order was in effect, and if so, whether those violations would entitle the tenant to an abatement of the rent paid into the court registry under the protective order." *Bown v. Hamilton,* 535 A.2d 909 (D.C.1988). *See Habib v. Thurston,* 517 A.2d 1, 24 (D.C. 1985); *Javins v. First National Realty Corp.,* 138 U.S.App.D.C. 369, 428 F.2d 1071, *cert. denied,* 400 U.S. 925, 91 S.Ct. 186, 27 L.Ed.2d 185 (1970) (housing code violations arising during tenancy breach warranty of habitability and thus may serve as defense to possessory action for nonpayment of rent and provide basis for abatement).

3. LaPrade also challenges on appeal certain orders imposing attorney fees sanctions under Rule 11 and enforcement proceedings related thereto. However, as we read the record, it was subsequently determined on March 12, 1990, that the sanctions issue in all its aspects would be taken up at a later hearing which apparently has not yet been held. We thus conclude that the challenged orders lack finality at this point for the purposes of appeal. *Cf. Weaver v. Grafio,* 595 A.2d 983 (D.C.1991).

4. In *McQueen v. Lustine Realty Co., Inc.,* 547 A.2d 172 (D.C.1988) (en banc), we held that protective orders in the Landlord and Tenant Branch are appealable interlocutorily under D.C.Code § 11–721(a)(2)(A) (1989). We went en banc to decide this issue because of the existence of conflicting lines of cases in our jurisprudence on the point. *Lustine* was decided three weeks after the protective order in this case issued. In these circumstances, we find no jurisdictional problem in this appeal.

5. As the trial court made clear in issuing the protective order, appellant could "each month ... file an application to have those funds released if you are in need of them."

## II

Second, appellant correctly asserts that she was wrongfully deprived of her right to a jury in the *McNeal* hearing. In *Habib v. Thurston,* 517 A.2d 1 (D.C. 1985), we held that, although its origins lie in equity, a *McNeal* hearing is effectively an action at law and that "[e]ach party's jury right, therefore, must be preserved." *Id.* at 23. See Super.Ct.Civ.R. 38(a); U.S. CONST. amend. VII. Thus, "a tenant or a landlord is entitled to a jury trial, upon timely request, to determine the parties' respective rights in the fund deposited by the tenant in the court registry pursuant to a protective order covering the period while a landlord's action for possession is pending." *Habib, supra,* 517 A.2d at 24.

In this case, it was the tenant who made the original request for a jury trial.[6] Once made, a demand for trial by jury "may not be withdrawn without the consent of the parties." Super.Ct.Civ.R. 38(d);[7] WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2318 (1971) ("If a proper demand for a jury has been made, it cannot be withdrawn without the consent of all the parties"). It is not disputed that LaPrade never agreed to appellee's requested withdrawal of the jury demand by praecipe of November 21, 1989. Indeed, beneath appellee's handwritten praecipe, stating "please withdraw Defendant's jury demand in these proceedings with leave of court," the trial court noted "over objection of [Plaintiff]."[8] In her motion for reconsideration of the order granting the jury demand withdrawal, appellant repeated her objection, adverting specifically to the strictures of Civil Rules 38(d) and 39(a). We must conclude that the trial court incorrectly permitted appellee unilaterally to withdraw her jury demand without appellant's consent and over her objection, and hence reverse the *McNeal* order and remand for a jury trial on the issue.[9]

*Reversed and remanded.*

---

6. No challenge is made to the timing or form of the request.

7. Civil Rule 38 applies to proceedings in the Landlord and Tenant Branch. Super.Ct.L. & T.R. 2. Following normal practice, because of Liebler's jury demand, the matter had been certified to the Civil Division for the *McNeal* hearing.

8. The record contains no explanation of why the objection was overruled.

9. Upon remand, the jury will consider the factual issues raised, and will not be bound to any extent by the earlier decision of the trial court to award tenant only $345 out of a total registry deposit of $2,550.