**Ethan KING, Appellant,**

**v.**

**Harold JONES, Appellee.**

**No. 91–CV–416.**

District of Columbia Court of Appeals.

Argued En Banc Feb. 17, 1994.

Decided Sept. 1, 1994.

Stephen L. Braga, Washington, DC and Ethan King, pro se, for appellant.

Michael Brand, Washington, DC, with whom Leonard C. Collins, Kenneth J. Loewinger, and David K. Lietz were on the brief, for appellee.

Before WAGNER, Chief Judge,* and FERREN, TERRY, STEADMAN, SCHWELB, FARRELL, and KING, Associate Judges.

PER CURIAM:

King, a former tenant of the premises in question, appeals from a judgment of possession for the landlord, Jones, entered because of King's failure to comply with a protective order requiring him to pay $475.00 per month into the court registry while Jones's suit for possession was pending. King argues that the notice to cure or vacate was defective in that it failed to contain information which both a statute and a regulation

---

\* Former Chief Judge Rogers took part in oral argument but not in the disposition of this case.

On June 14, 1994, Judge Annice M. Wagner assumed the position of Chief Judge.

require of a notice of intent to evict (as in this case) for a reason other than nonpayment of rent. *See* D.C.Code § 45–2551(a), (b) (1990); 14 DCMR § 4302.1 (July 1991).[1] Jones responded to this claim in the trial court by tendering a copy of the lease agreement, which on its face showed that the tenancy was a commercial one, hence exempt from the rent controls of the Rental Housing Act of 1985, D.C.Code § 45–2501 *et seq.*, including the notice provisions.[2]

 The parties dispute at length on appeal the extent, if any, to which the trial court, before imposing the sanction of striking the tenant's pleadings and entering judgment for the landlord for violation of a protective order, *see Davis v. Rental Associates, Inc.*, 456 A.2d 820 (D.C.1983) (en banc) (plurality opinion); *Mahdi v. Poretsky Management, Inc.*, 433 A.2d 1085 (D.C.1981), must examine a notice to cure or vacate for its sufficiency in complying with the statute and regulation. We find it unnecessary to write broadly on this question, for we hold that the *prima facie* showing which Jones made of exemption from the statute by tendering the lease demonstrating the commercial nature of the tenancy was sufficient to permit imposition of the sanctions authorized by *Davis* and *Mahdi*. In this unique context of a protective order issued in landlord and tenant proceedings,[3] the trial court was not obliged to resolve a *factual* controversy engendered by King's assertion that, despite the facial character of the lease and tenancy, the landlord had permitted ("encouraged")

him to use the premises partly for residential purposes.[4] We express no opinion as to what grounds, if any, not requiring resolution of factual disputes, a tenant may advance to counter the landlord's *prima facie* showing of compliance with (or exemption from) the notice requirements of the statute or regulation in order to forestall the imposition of sanctions for failure to make protective order payments.

Our decision in *Jamison v. S. & H. Associates*, 487 A.2d 619 (D.C.1985), is consistent with this holding, for in that case the landlord made no *prima facie* showing sufficient to counter the tenant's claim that the landlord had misrepresented in its complaint the fact that the tenant had waived his right to a written notice to quit. Indeed, "[t]he landlord's attorney did not dispute [the tenant's] allegations, but the [trial] court nevertheless granted the motion to strike the pleadings and entered a judgment for possession," *id.* at 620 (footnote omitted)—a decision we reversed. In this case, the landlord countered the claim of residential tenancy by tendering the commercial lease; that was enough to end the inquiry into the issue of notice, given the tenant's conceded failure to make the protective order payments.

In *Davis, supra*, we went on to hold that, when a trial court exercises its "authority to impose sanctions, including the entry of judgment for the landlord in a case where the tenant fails to abide by the protective order, the trial court must carefully examine several specific factors before deciding such relief is

---

1. King alleges certain other defects in the service of notice or in Jones's authority to institute the suit for possession, but we do not consider them for the reason alone that the record does not show that they were presented to the trial court. *See D.D. v. M.T.*, 550 A.2d 37, 48 (D.C.1988); *Cobb v. Standard Drug Co.*, 453 A.2d 110, 111 (D.C.1982).

2. The notice provisions of the Act on which King relies apply to "rental units." D.C.Code §§ 45–2551(a), (b). A "rental unit" is a housing accommodation which is "rented or offered for rent for *residential* occupancy." *Id.* § 45–2503(33) (emphasis added).

3. The landlord and tenant protective order issues from a "separate and distinct equitable proceed-

ing," *Smith v. Interstate General Corp.*, 462 A.2d 1133, 1134 (D.C.1983), and is designed " 'to avoid placing one party at a severe disadvantage during the period of litigation.' " *Id.* (quoting *Bell v. Tsintolas Realty Co.*, 139 U.S.App.D.C. 101, 109, 430 F.2d 474, 482 (1970)). The "proceeding looks prospectively, addressing rights during the litigation period, in contrast with the retrospective analysis applicable to the possessory action itself." *Habib v. Thurston*, 517 A.2d 1, 17 (D.C.1985).

4. *See Revithes v. District of Columbia Rental Hous. Comm'n*, 536 A.2d 1007 (D.C.1987) (actual use and occupancy of unit as residence, even if rented under commercial lease, subjects unit to rent control).

appropriate." 456 A.2d at 826.[5] Insofar as King may be said to have challenged at oral argument the trial court's exercise of its authority under these criteria, we find no error in the court's determination that striking King's pleadings and entering judgment for the landlord was "an appropriate sanction" in the circumstances of this case. *Id.* at 827.

*Affirmed.*

---

**5.** These factors include the extent of the tenant's noncompliance and the tenant's reason for non-compliance. 456 A.2d at 826.