**Millicent WRIGHT, Appellant,**

v.

**Artusta ROBBINS, et al., Appellees.**

No. 98–CV–1064.

District of Columbia Court of Appeals.

Submitted June 22, 1999.
Decided July 22, 1999.

Ann Marie Y. Hay, Executive Director, and David M. Conca, Student Attorney, D.C. Law Students in Court Program, were on the brief for appellant.

Barbara L. Smith, Washington, DC, was on the brief for appellees.

Before FARRELL and RUIZ, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

In this suit for possession by a landlord based on a tenant's alleged failure to pay rent, the trial court awarded judgment to the landlord (plaintiffs-appellees) because of the failure of the alleged tenant (defendant-appellant) to make a required protective order payment.[1] The defendant implicitly admits that she had not made the payment, but contends that before striking her pleadings the trial court was obliged to consider the merits of her defense that the plaintiffs had improperly sued her for possession and back rent since she was not the tenant on the lease at the time of the alleged failure to pay rent.

Before the defendant failed to make the protective payment, she had asserted this defense in a motion to dismiss the suit for possession and to vacate the protective order. The trial court denied that motion, apparently stating (so the defendant represents) that the denial was without prejudice to the motion being refiled as one for summary judgment. The court certified the matter for a jury trial and directed the parties to conduct discovery. The defendant then defaulted on the required protective payment.

No record is before this court as to why the trial court denied the defendant's motion to dismiss, in which the defendant asserted the same defect in the suit that she now relies on in this court. However,

---

1. Funds which the defendant had previously paid into the court registry were subsequently released to the plaintiffs after a *McNeal* hearing. *See McNeal v. Habib,* 346 A.2d 508, 514 (D.C.1975). No appeal was taken from that determination, and no independent challenge is made to its correctness.

from the trial court's order directing discovery and eventual trial, it would appear that the court concluded that material issues of fact were unresolved as to the defendant's status under the lease—*i.e.*, whether she was a co-tenant or merely an "occupant" (as she alleged)—at the time of the rent default.[2] By the time the court struck the defendant's pleadings, no motion for summary judgment had been filed, and so it logically would have appeared to the trial court that these issues of fact remained in dispute. Any question as to whether this was so must be resolved against the defendant, as she has furnished us with no transcripts of hearings preceding either the denial of her motion to dismiss or the grant of the plaintiffs' motion to enter judgment. *See Hancock v. Mutual of Omaha Ins. Co.*, 472 A.2d 867, 871 (D.C.1984); *Cobb v. Standard Drug Co.*, 453 A.2d 110, 111 (D.C.1982).

On this record, we decline the defendant's invitation to extend to this case our holdings in *King v. Jones*, 647 A.2d 64 (D.C.1994) (en banc), and *Jamison v. S & H Assocs.*, 487 A.2d 619 (D.C.1985). *Jamison* held that before striking a tenant's pleadings for noncompliance with a protective order, the trial court must determine whether a proper notice to quit was served on the tenant. That holding stemmed from the principle that such notice is " 'a *condition precedent* to the landlord's suit for possession." ' 487 A.2d at 621 (emphasis added) (quoting *Moody v. Winchester Management Corp.*, 321 A.2d 562, 563 (D.C.1974)). Even with respect to the issue of notice, moreover, we have subsequently held that the trial court's obligation to consider the issue does not extend to having "to resolve a *factual* controversy" or "factual disputes" concerning the landlord's compliance with the notice requirement, before the court may sanction the failure to obey a protective order. *King*, 647 A.2d at 65 (emphasis in original).

Only with considerable imagination can the underlying defense in this case be said to be defective "notice"; the defendant's contention, rather, is that *no* notice to quit would have operated against her for the period in dispute because she was not a tenant at the time. But even analogizing the case to *Jamison*, we have seen that an apparent factual dispute over whether the defendant was a co-tenant (hence a proper recipient of notice) at the time of the rent default remained to be resolved when she violated the protective order. In this " 'separate and distinct equitable proceeding' " designed to preserve the status quo, *King*, 647 A.2d at 65 n. 3 (quoting *Smith v. Interstate General Corp.*, 462 A.2d 1133, 1134 (D.C.1983)), the trial court was not required to resolve that merits controversy before imposing the sanction. *King, supra.*

*Affirmed.*

---

**2.** At least some support for the existence of that unresolved issue is furnished by the defendant's acknowledgment in her brief that she "had been sharing payment of the rent with [the named tenant]" during the disputed period.